# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | Civil No. 1:20-CV-02129 |
| Petitioner, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is Pennsylvania state inmate Michael Miller's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 seeking compassion release as COVID–19 poses a serious risk to his health due to his chronic asthma condition.  (Doc. 1.)  He has paid the filing fee and seeks the appointment of counsel for any evidentiary hearing scheduled in this matter.  (Doc. 2.)  For the reasons that follow, the petition will be dismissed without prejudice to Petitioner seeking state habeas corpus relief pursuant to 42 Pa. Con. Stat. § 6502(a) from the Philadelphia Court of Common Pleas or the Pennsylvania Department of Corrections ("DOC").  To the extent one is needed, a certificate of appealability will be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Michael Miller ("Petitioner" or "Miller") is a 29-year-old male serving an aggregate 3½ to 10 years sentence for third degree murder and carrying a firearm

in public in Philadelphia. *See Commonwealth v. Miller*, CP-51-CR-0012998-2014 (Philadelphia Cnty. Ct. Com. Pl.) (docket sheet).[1]  He is presently housed at the Dallas State Correctional Institution ("SCI-Dallas"), in Dallas, Pennsylvania. (Doc. 1).

Miller filed a petition on November 16, 2020, seeking "an order reducing his last 3 years in prison, to time served, on a compassionate release." (*Id.*, p. 5.)[2]  He suffers from chronic asthma and states "the DOC is not a safe place to reside since the COVID 19 has taken over and caused additional punishment and death to which [he] was not sentenced to, thereby, violating his Eighth and Fourteenth Amendment Constitutional rights." (*Id.*)  He requests this court to issue a writ of habeas corpus directing his immediate release from custody. (*Id.*)

## JURISDICTION

A federal district court is authorized to issue habeas corpus relief for individuals incarcerated pursuant to a judgment of a state court only if the prisoner is "in custody in violation of the Constitution or the laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).  Thus, a habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner in custody pursuant to the

---

[1] The court takes judicial notice of Miller's criminal docket sheet, available to the public at *https://ujsportal.pacourts.us/* (last visited March 15, 2021).

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

judgment of a state court to challenge the "fact or duration" of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Velazquez v. Sup't. Fayette SCI*, 937 F.3d 151, 158 (3d Cir. 2019).  Here, jurisdiction is proper as Miller is presently incarcerated due to judgment entered by the Court of Common Pleas of Philadelphia County, Pennsylvania, and the habeas petition seeks his immediate release from custody.  (Doc. 1.)

## STANDARD OF REVIEW

This matter is before the court for screening.  *See* 28 U.S.C. § 2243.  The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## DISCUSSION

### A. The Court Construes Miller's Habeas Petition as Filed Pursuant to 28 U.S.C. § 2254 not § 2241.

Constitutional challenges to the fact or duration of confinement are proper subjects of a habeas corpus petition. *Preiser*, 411 U.S. at 499. Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "[A] state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241." *Washington v. Sobina*, 509 F.3d 613, 618 n. 5 (3d Cir. 2007) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).[3]

---

[3] The court notes that Miller is not a federal inmate who can challenge the execution of his sentence via a habeas petition pursuant to Section 2241. *See United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (federal sentencing court after finding of "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" could grant federal inmate's request for compassionate relief upon request of the BOP or inmate after "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring" such a motion on the inmate's behalf, or 30 days has lapsed from BOP's receipt of inmate's request for same.) Likewise, Miller is not a federal immigration detainee. In August 2020, the Third Circuit Court

4

Miller seeks a modification of his state sentence based on alleged unconstitutional conditions of confinement posed by COVID–19 in a state prison. Therefore, he must proceed under Section 2254 in challenging the execution of his sentence. As such, the court construes Miller's habeas petition as filed pursuant to 28 U.S.C. § 2254 and not § 2241.

### B. Miller's Procedural Default of his Compassionate Release Claim.

Assuming without deciding that Miller can seek release due to COVID–19 in a habeas petition, he is first required to exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b)(1); *see also Massey v. Estock*, Civ. No. 1:20-CV-271, 2020 WL 8224836, *2 (W.D. Pa. Nov. 2, 2020) citing *Clauso v. Warden*, Civ. No. 20-5521, 2020 WL 2764774 (D. N.J. May 27, 2020) (dismissing state prisoner's habeas petition due to his failure to exhaust available state court remedies to address COVID–19 condition of confinement concerns); *see also*

---

of Appeals concluded that immigration detainees could challenge their conditions of confinement due to the COVID-19 pandemic under § 2241. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324–25 (3d Cir. 2020). In recognizing that claim, the court cautioned that it was "not creating a garden variety cause of action" but found that a condition of confinement claim is "cognizable in a federal habeas action *only in extreme cases*." (*Id.* at 324) ("Given the extraordinary circumstances that existed in March 2020 because of the COVID–19 pandemic, we are satisfied that [petitioners] § 2241 claim seeking only release on the basis that unconstitutional confinement conditions require it, is not improper.") Finally, the court is unaware of any Third Circuit precedent that would permit Miller to bring a § 2241 petition alleging that the virus and resulting conditions of his confinement render his current incarceration in state custody violative of the Eighth Amendment. Accordingly, the court considers his claim filed pursuant to § 2254 and not § 2241.

*Malloy v. Dist. Att'y of Montgomery Cnty.*, 461 F.Supp.3d 168 (E.D. Pa. 2020) (dismissing state inmate's COVID-19 habeas petition due to failure to exhaust state court remedies through state trial court or appellate courts).

Habeas corpus relief cannot be granted unless: 1) all available state court remedies on the federal constitutional claims have been exhausted; 2) there is an absence of available state corrective process; or 3) circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). It is the petitioner's burden to demonstrate that he has raised his claims in the proper state fora through the proper state vehicles, not just that he raised a federal constitutional claim before a state court at some point. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There are only two grounds upon which exhaustion may be excused: (1) if "there is an absence of available State corrective process;" or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Miller has not alleged that he exhausted the available state remedies, nor has he alleged the lack of a state court remedy. In Pennsylvania, compassionate release, or deferment of sentence, allows for the temporary placement of a state inmate to a hospital, long-term care nursing facility or hospice care location under

6

electronic monitoring provided that certain requirements are met. *See* 42 Pa.C.S. § 9777. An inmate or person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court for such relief. *See* 42 Pa.C.S. § 9777(a)(2). Additionally, in order to obtain relief, a petitioner must make a prima facie claim that his current facility lacks the resources to treat him or that his illness compromises the collective health of the institution holding him. *Commonwealth v. Lightcap,* 806 A.2d 449 (Pa. Super. 2002).

Alternatively, Miller may file a state petition for writ of habeas corpus pursuant to 42 Pa.C.S. § 6502(2). In Pennsylvania, aside from challenging the legality of one's confinement, "habeas corpus is available to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal." *Com. Ex rel. Bryant v. Hendrick*, 280 A.2d 110, 113 (Pa. 1971). As Miller is not attacking his conviction or sentence in this habeas matter, but asserts that his conditions of confinement amount to cruel and unusual punishment due to his health in face of the pandemic, he could file a state habeas petition to pursue the claims that he raises in this matter.

Finally, a third alternative form of relief is available to Miller via Governor Wolf's temporary program to reprieve sentences of incarceration for those inmates who meet established criteria. *See https://www.governor.pa.gov/wp-content/uploads/2020/04/20200410-GOV-DOC-reprieve-release-order-COVID-*

*19.pdf* (last visited March 15, 2021). This program "temporarily suspends the sentences of incarceration of those persons who qualify and comply with supervision requirements for such length of time as may be necessary" during the Commonwealth's disaster emergency as a result of COVID–19. (*Id*.) The Pennsylvania Department of Corrections' Daily Population Reports reflect how many inmates are granted reprieve releases under the Governor's program. *See https://www.cor.pa.gov/Pages/COVID-19.aspx* (Daily Population Reports, last visited March 15, 2021). Whether Miller would qualify for such a reprieve is unknown until he requests it.

As there are available state court remedies for Miller to pursue his compassionate release claim, the court is barred from addressing Miller's petition. 28 U.S.C. § 2254(c).

## CONCLUSION

For the foregoing reasons, Miller's petition for writ of habeas corpus is denied without prejudice due to his failure to exhaust his available state court remedies. A certificate of appealability will not issue because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and would agree that the court's procedural disposition of the claim to be correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

                                        s/ Jennifer P. Wilson
                                        JENNIFER P. WILSON
                                        United States District Court Judge
Dated: April 5, 2021                Middle District of Pennsylvania